NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MELVIN H. ALEXANDER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS,**
*Respondent-Appellee.*

---

2012-7143

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-4045, Judge Robert N. Davis.

Before NEWMAN, PROST and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

Melvin Alexander appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) upholding the decision of the Board of Veterans' Appeals (Board) denying him entitlement to Department of Veterans Affairs (DVA) disability compensation benefits for a heart condition. We dismiss.

Mr. Alexander served on active duty in the U.S. Army from January 1972 to January 1974. While in service, he reported chest pains, but no condition was diagnosed. His separation examination in 1973 showed that his heart was normal.

In 2001, Mr. Alexander was treated for a prominent heart murmur, and hospitalized with chest pains. He subsequently filed a claim seeking DVA disability compensation benefits for a heart condition. On Mr. Alexander's behalf, his private physician submitted a written statement indicating that he had treated Mr. Alexander for chest pains, which were highly suggestive of angina pectoris and likely related to the pains Mr. Alexander reported during service. The regional office (RO) of the DVA denied the claim, and Mr. Alexander appealed to the Board.

In a 2007 decision, the Board remanded the case to the RO for further development pursuant to the DVA's statutory duty to assist him in presenting his claim. *See* 38 C.F.R. 3.159(a)(1). Along with other measures, the Board directed the RO to obtain a "VA medical examination with an appropriate physician (e.g., a cardiologist)," who was to comment on the incidents of chest pain in service and the statement of Mr. Alexander's private physician.

On remand, a nurse practitioner reviewed Mr. Alexander's records, conducted an examination, and issued a report that was reviewed and co-signed by a physician. That report concluded that a relationship between Mr. Alexander's current condition and his service was unlikely. Based on that report and a review of the record, the RO again denied service connection. Mr. Alexander then again appealed to the Board, which upheld the RO's determination. The Board noted that while the 2007 remand order indicated that Mr. Alexander was to be scheduled for an examination with an appropriate physician, the nurse practitioner that conducted the examination was compe-

tent, and thus the exam was in sufficient compliance with the remand order and governing regulations.

Mr. Alexander then appealed to the Veterans Court. Like the Board, the Veterans Court rejected Mr. Alexander's argument that the RO had failed to comply with the Board's 1997 remand instructions. The Court noted that while the remand order listed a cardiologist as an example of an appropriate physician, the order did not specify that a cardiologist had to conduct the exam or express a medical opinion. The court went on to explain that while the examination did not strictly comply with the terms of the 2007 remand order, the remand proceedings were in substantial compliance because the nurse practitioner was sufficiently competent and trained to provide a medical examination that met the regulatory requirements. The Veterans Court therefore affirmed the decision of the Board, and Mr. Alexander filed a timely appeal from that decision with this court.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Mr. Alexander's informal brief indicates that he does not seek to challenge a constitutional issue. Nor does he mention a rule of law or a statutory or regulatory interpretation of which he seeks review. Instead, Mr. Alexan-

der's brief merely asks the court to look into his case more closely than the Veterans Court.  In light of Mr. Alexander's brief, we must reach the conclusion that he has not demonstrated that this court has jurisdiction over his case, and that we must dismiss.

We note that even if the court were to liberally read Mr. Alexander's brief as challenging whether the nurse practitioner conducted medical examination was in compliance with the Board's remand instructions, the essence of that argument would simply be a disagreement over a factual matter, as to which this court does not have jurisdiction.  *See Dyment v. Principi*, 287 F.3d 1377, 1381 (Fed. Cir. 2002) (holding that the claimant's disagreement with whether a medical expert substantially complied with the Board's remand order was a factual matter outside of this court's review).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

 /s/ Jan Horbaly
Jan Horbaly
Clerk

s19